UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                            2:05-cr-50-FtM-29SPC

WILLIAM EDWIN MOORE
_____

**ORDER**

This matter comes before the Court on defendant's letter dated August 21, 2013, seeking a modification of restitution payments (Doc. #218). The letter was filed on August 26, 2013. The Government's Response in Opposition (Doc. #219) was filed on September 26, 2013.

Defendant seeks a modification of his restitution order pursuant to 18 U.S.C. § 3664(k). The only new information is that defendant states that a paternity test established he has a seven year old daughter he has never met whose mother needs his financial assistance. Defendant has a UNICOR job while in prison, and wishes to use the proceeds to help his daughter instead of repay the victims of his bank robberies.

Title 18 U.S.C. § 3664(k) provides in pertinent part:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of

> the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k). While "restitution resembles a judgment for the benefit of a victim, it is penal, rather than compensatory." United States v. Johnson, 983 F.2d 216, 220 (11th Cir. 1993) (internal quotation marks and citation omitted). Moreover, "[r]estitution is not a civil matter; it is a criminal penalty meant to have strong deterrent and rehabilitative effect." United States v. Hairston, 888 F.2d 1349, 1355 (11th Cir. 1989). The Court does not view defendant's new-found desire to pay child support to be a material change in his economic circumstances, but in any event would not find that the interests of justice requires such payments instead of payments to the victims in this case.

Accordingly, it is now

**ORDERED**:

Defendant's letter seeking a modification of restitution payments (Doc. #218) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of September, 2013.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
William Moore